IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANITA MARIE PRICE,            )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 16-56-E
                              )
CAROLYN W. COLVIN, ACTING     )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
        Defendant.            )

O R D E R

AND NOW, this 21st day of June, 2017, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's sole argument on appeal is that the Administrative Law Judge ("ALJ") erred by failing to consider properly whether Plaintiff's treatment regimen prevents her from

maintaining regular employment. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

In essence, Plaintiff contends that the ALJ erred in relying on the answer provided by the vocational expert ("VE") to the ALJ's original hypothetical question posed at the administrative hearing, when he should have instead relied on the VE's response to the ALJ's follow-up question which included an additional limitation regarding absences from work. Specifically, the ALJ originally asked the VE to assume an individual of Plaintiff's age, education and work experience who can work at any exertional capacity but who can perform only routine, repetitive tasks; who can handle only occasional judgment, decision-making and workplace changes; and who can tolerate only occasional interaction with the public, coworkers and supervisors. (R. 32, 63-64). Considering these limitations, the VE testified that such an individual would be able to perform the requirements of representative occupations such as hand packer, kitchen helper, and housekeeper/cleaner. (R. 32, 64). Plaintiff argues that the ALJ should have instead relied upon the VE's response to the follow-up question, in which the ALJ inquired whether there would be work for a person who would miss at least three days of work per month. (R. 65). Plaintiff asserts that the record shows that she frequently attended scheduled medical appointments, and she claims that it is not clear from the ALJ's decision whether that factor was possibly ignored or wrongfully rejected by the ALJ. (Doc. No. 10, at 12). Plaintiff further contends that this follow-up testimony of the VE is consistent with the medical evidence of record, and that the ALJ failed to provide evidence to reject such testimony.

It is important to note that, while the hypothetical question to the VE must accurately portray the claimant's impairments, such question need only reflect those impairments that are adequately supported by the record. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Plaintiff correctly points out that the VE testified that consistently missing more than 8 days of work per year and/or 3 days of work per month consistently would jeopardize an individual's employment. (R. 65). While the ALJ did pose a follow-up question at the administrative hearing including such additional limitation, when ultimately formulating Plaintiff's residual functional capacity assessment ("RFC"), the ALJ explicitly concluded that this additional restriction did not need to be included therein. See 20 C.F.R. § 416.945(a)(1) (explaining that your RFC "is the most you can still do despite your limitations").

The Court emphasizes that, despite Plaintiff's assertions to the contrary, the ALJ very clearly explained in his decision that his follow-up hypothetical question regarding an individual who would be absent from work 3 days per month was based on Plaintiff's allegations that the ALJ found to be inconsistent with the other evidence in the record, which he reviewed at length in his decision. (R. 32). In his decision, the ALJ thoroughly discussed Plaintiff's treatment records, which included the records concerning Plaintiff's various appointments cited by Plaintiff to support her argument. The ALJ further specified that although the VE's response to his follow-up question was accurate, that portion of the VE's testimony was discounted in making his determination because the VE was asked to assume limitations that the ALJ found were, quite simply, not established by the evidence. (R. 32).

Nevertheless, Plaintiff attempts to contest the ALJ's conclusion by arguing that, based on the medical records from her various appointments, she would obviously miss multiple full days of work each month due to her appointment schedule. The Court notes that, while the record undoubtedly shows that Plaintiff has attended a number of appointments each month, there is no indication in the record that each appointment would require her to miss an entire day of work. Additionally, since the record does not show that such appointments could not be scheduled outside of Plaintiff's prospective working hours, and since her appointments appear to have lasted an hour at most (and were often closer to 20 minutes in length), there is also no indication in the record that Plaintiff would even have to miss partial days of work in order to attend her appointments. Quite simply, Plaintiff never established that she would have the absences per month that the VE indicated would preclude employment. Thus, the Court finds that, in making his determination, the ALJ relied upon the response to an appropriate hypothetical question which included those limitations, properly portrayed in the RFC, that were supported by the record.

Alternatively, Plaintiff cursorily contends in her Reply that the ALJ failed to fully develop the record. More specifically, Plaintiff suggests that the ALJ should have attempted to obtain evidence regarding the frequency, duration and availability of medical appointments, and that the VE should have opined on the impact that 20-60 minute appointments would have on maintaining employment. (Doc. No. 13, at 3).

It is true that an ALJ has a duty to develop a full and fair record in a Social Security case. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004). In this case, however, the ALJ clearly fulfilled his duty. At the administrative hearing, the proposed exhibits (Parts A, B, C, D, and E of the file and medical exhibits C1F through C5F), which included Plaintiff's medical records describing her appointments, were admitted into evidence and made a part of the record. (R. 41). Also at the hearing, the ALJ asked whether Plaintiff's attorney had any questions for the VE and the attorney replied that he did not. (R. 65). Moreover, the ALJ specifically asked Plaintiff's attorney whether there was anything additional he wanted to add at the end of the hearing, and the attorney indicated that there was nothing. (R. 65). Furthermore, nothing in the record indicates that Plaintiff or her counsel communicated at any point to the ALJ that certain evidence was missing, nor did Plaintiff's counsel ever indicate to the ALJ that additional evidence was needed in order to reach a decision. See 20 C.F.R. § 416.1450(d). Quite simply, the ALJ cannot be expected to seek out evidence that did not appear to be missing or necessary to make his decision, and it was Plaintiff and her attorney who had the burden to obtain the evidence she wished to submit in support of her claim. See 20 C.F.R. §§ 416.912(a), 416.1540(b)(1). Nothing in the record, therefore, demonstrates that the ALJ failed to fulfill his duty to develop more fully the record in this case.

In sum, the Court finds here that the ALJ's original hypothetical question to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC. After careful review of the record, the Court finds that the ALJ did not err in relying on the response of the VE to his hypothetical question. Accordingly, the Court affirms.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record